NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEYDA TERESA MEZA PAREDES, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 22-574 Agency No. A094-927-262 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2025**
Pasadena, California

Before: SCHROEDER, MILLER, and DESAI, Circuit Judges.

Neyda Teresa Meza Paredes, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from

the Immigration Judge's ("IJ") denial of her application for withholding of

removal. She claimed fear of persecution by her former father-in-law because he

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

threatened her when she tried to retrieve her children from him. Substantial evidence supports the Agency's finding that Petitioner failed to show she suffered past persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (setting forth substantial evidence standard). As the IJ noted, her former father-in-law never physically harmed Petitioner or took any steps to follow through on his threats, even after she recovered her children.

She now contends that the Agency failed to consider the emotional harm she suffered due to his abuse of her children, but she did not raise the issue before the BIA or the IJ and cites no evidence in support. *See id.*; *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

Petitioner has not established that she faces a "clear probability" of future persecution, even when her testimony is presumed credible. *Sharma*, 9 F.4th at 1059–60 (quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003)). We therefore need not address her contentions that the BIA should have presumed all parts of her testimony credible, or that it erred in determining that she failed to establish a nexus to a protected ground.

**PETITION DENIED.**